IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LESLIE HARRIS, SR.,** | * |
| Plaintiff, | * |
| v. | * Civil No. **20-1270 PJM** |
| **CALL-A-BUS** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

This case concerns injuries that Plaintiff Leslie Harris, Sr. suffered at a shopping center in Prince George's County, Maryland. Harris, who was wheelchair-bound, was a passenger in a Call-a-Bus vehicle and alleged that a Call-a-Bus driver failed to bring the wheelchair ramp to a locked position. Upon leaving the shopping center, the Call-a-Bus collided with a MetroAccess Paratransit vehicle, causing injuries to Harris and damage to his wheelchair.

On November 19, 2019, Harris filed suit in the Circuit Court for Prince George's County, Maryland, against Call-a-Bus, MetroAccess Paratransit, two John Doe defendants (the vehicle drivers), and Prince George's County. *See* ECF No. 3. The Washington Metropolitan Area Transit Authority ("WMATA"), on behalf of MetroAccess Paratransit and John Doe II, removed the case to this Court pursuant to the interstate WMATA Compact, which grants federal district courts original jurisdiction over suits against WMATA. *See* Md. Code. Ann., Transp. § 10-204(81).

On May 28, 2020, WMATA moved to dismiss the case, which the Court denied. ECF Nos. 15, 16. WMATA filed its Answer on November 4, 2020. ECF No. 14. Prince George's County filed its answer on February 6, 2021. The Court then issued a scheduling order, setting a discovery deadline of July 16, 2021 and a dispositive pretrial motions deadline of August 16, 2021. ECF No. 22.

Then, on August 11, 2021, counsel for Prince George's County filed a notice, advising the Court that he was informed by Harris's son, Leslie Harris, Jr., that Harris passed away on January 6, 2021. ECF No. 23. According to counsel, Harris's son indicated that he intended to pursue this case on behalf of his father. *Id.*

On September 9, 2021, the Court sent a letter to Mr. Harris, Jr., ordering him to take appropriate action within thirty days. ECF No. 24. The Court received no communication from Mr. Harris, Jr. regarding his father's case. Accordingly, on November 23, 2021, the Court sent a second letter, warning Mr. Harris, Jr. that the Court would dismiss the case if he did not take action within the next thirty days. ECF No. 25. Again, Mr. Harris, Jr. failed to respond. The Court then ordered Mr. Harris, Jr. to show good cause within twenty-one days why his father's case should not be dismissed. ECF No. 26. The Court warned Mr. Harris, Jr. that failure to do so would result in the dismissal of the case with prejudice. *Id.* Once again, Mr. Harris, Jr. failed to respond.

Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). The Fourth Circuit has articulated four factors for trial courts to consider before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). In addition, the Fourth Circuit "require[s] district courts 'to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice' as a sanction for misconduct." *Okpala v. Computer Sciences Corp., CSC*, 585 Fed. App'x 298 (4th Cir. 2014) (citing *Choice Hotels Int'l, v. Goodwin & Boone*, 11 F.3d 469, 471–72 (4th Cir. 1993)).

2

In this case, because Mr. Harris, Jr. has repeatedly failed to respond to the Court's orders, the Court concludes that sanctions less drastic than dismissal would not induce plaintiff's action in this case. Although Mr. Harris, Jr. apparently informed counsel for Prince George's County that he intended to pursue this case, he has not communicated with the Court in any fashion since his father's death over one year ago. In recognition of the Plaintiff's *pro se* status and his passing, the Court was seeking at least some indication from Mr. Harris, Jr. that he intended to proceed on behalf of the Plaintiff. The Court, however, has received no such indication.

Given Mr. Harris, Jr.'s failure to prosecute this case, Defendants have been unable to conduct discovery or file summary judgment motions to address the merits of Plaintiff's claims. As a result, Defendants have suffered prejudice by their inability to litigate this case. Mr. Harris Jr. was warned that failure to correspond with the Court regarding his father's case would result in the dismissal of this action with prejudice. The Court notes that other courts in this Circuit dismiss cases under similar circumstances. *See, e.g., Huntington v. Colvin*, Civ. No. 15-83, 2015 WL 5474272 (D. Md. Sept. 15, 2015).

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failure to prosecute.

The Clerk of the Court is directed to **CLOSE** this case.

A separate Order will **ISSUE**.

Date: February 22, 2022

/s/ Peter J. Messitte
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

3